# SETTLEMENT AND RELEASE AGREEMENT

This is an Agreement between ThedaCare, Inc. ("ThedaCare" or "Defendant") and the individuals identified on Schedule A (collectively "Plaintiffs").

WHEREAS, Juelaine Miller, Kathleen Albers, and Linda Auler filed a lawsuit alleging that Defendant failed to pay them and other similarly situated individuals overtime and/or minimum wages and/or otherwise alleges that Defendant failed to comply with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Wisconsin wage and hour laws, Wis. Stat. § 103.01, et seq., Wis. Stat. § 104.01 et seq., and Wis. Stat. § 109.01 et seq., and related Wisconsin administrative regulations (collectively "Wisconsin Wage and Hour Law"), which lawsuit is captioned <u>Juelaine Miller, et al. v. ThedaCare, Inc.</u>, pending in the United States District Court for the Eastern District of Wisconsin, Case No. 15-cv-00506 (hereinafter the "Lawsuit"); and

WHEREAS, on January 18, 2018, the Court issued an order in the Lawsuit denying class treatment under Fed.R.Civ.P. 23 and denying collective treatment under 29 U.S.C. § 216(b) and dismissed from the Lawsuit all individuals who had filed FLSA opt-in consent forms other than Juelaine Miller, Kathleen Albers, and Linda Auler, and where the Court directed Plaintiffs' counsel to notify the dismissed opt-in plaintiffs of their ability to bring individual claims.

WHEREAS, the individuals identified on Schedule A have indicated their intent to assert their rights under the FLSA and Wisconsin Wage and Hour Law against Defendant; and

WHEREAS, there are bona fide disputes as to the facts and law regarding Plaintiffs' claims including, but not limited to, whether and to what extent they worked the minimum wage and/or overtime hours claimed, whether their claims are barred in whole or part by the applicable statutes of limitations and whether they would be entitled to liquidated damages and/or other penalties even if they could recover on the underlying FLSA or Wisconsin Wage and Hour Law claims; and

WHEREAS, this Agreement was reached following arms-length negotiations over a period of several months culminating in an April 24, 2018, mediation before Deborah Gage Haude, Esq., who is an experienced wage-hour class and collective action mediator, at which the bona fide disputes with regard to Plaintiffs' claims noted above were negotiated, and during which negotiations and mediation Plaintiffs were represented by competent counsel experienced in wage and hour law; and

WHEREAS, all parties desire to fully compromise and settle all existing and potential disputes and to avoid the expense and uncertainty of further litigation;

NOW, THEREFORE, in consideration of the provisions of the mutual covenants and promises contained herein, Plaintiffs and Defendant agree to fully and completely settle all of their claims in their entirety as follows:

1.     **CONSIDERATION** - In exchange for the Plaintiffs' promises in this Agreement, and for such other consideration as provided in this Agreement, following the Defendant's receipt of this Agreement including the Individual Supplements executed by each

Plaintiff, any other forms requested by the Defendant to be completed by the Plaintiffs as necessary to process payments under this Agreement, a completed IRS Form W9 from both of the Plaintiffs' counsel, approval by the Court as to the fairness of this Agreement, and submission of a request for dismissal with prejudice of Case No. 15-cv-00506:

(a) ThedaCare will, within 35 days of dismissal of the Lawsuit, provide payment of no more than $237,500.00, allocated as follows: Assuming approved by the Court, one check made payable to the Previant Law Firm, S.C., in the amount of $55,000, and one check made payable to Gill & Gill, S.C., in the amount of $45,000, which total sum, $100,000, shall be attributable to the Plaintiffs' attorneys' fees and costs and shall be reported in their respective amounts to the Previant Law Firm, S.C. and Gill & Gill, S.C., on IRS Form 1099-MISC, and shall be reported to each Plaintiff on IRS Form 1099-MISC based on each Plaintiff's pro rata share of the attorneys' fees and costs. Should a lesser amount of attorneys' fees and costs be approved by the Court, the difference shall revert to the Defendant. The remaining allocation of the settlement payments shall be set forth in the Individual Supplements to the Agreement attached to this Agreement. Should an individual Plaintiff not sign his or her Individual Supplement, the funds allocated to that Plaintiff shall revert to Defendant and the individual Plaintiff shall not be bound by this Agreement. All payments will be delivered to Nathan Eisenberg, 310 W. Wisconsin Avenue, Milwaukee, WI, 53202, consistent with the terms of this Agreement.

(b) The Plaintiffs acknowledge that the above payment(s) represent consideration from Defendant, and they are not otherwise entitled to the above payment(s) or the other consideration provided in this Agreement if they do not sign this Agreement. These payments and additional consideration are sufficient to support this Agreement. The Defendant makes no representation as to the employment and income tax consequences to the Plaintiffs or their attorneys of the payment and benefits referenced in this paragraph and it is further understood that any future employment or income tax consequences (including related penalties and interest) that may arise to the Plaintiffs will not provide a basis to set aside or in any way alter this Agreement.

(c) The Plaintiffs agree that, except as stated in this Agreement, they have otherwise received all wages, benefits, and compensation (including, but not limited to, any applicable minimum wages, overtime, variable compensation, commissions, vacation, paid time off, or bonuses) due to them as of April 24, 2018, and they are not entitled to any further payments of any kind from Defendant as of that date.

2. **PLAINTIFFS' REPRESENTATIONS** - The Plaintiffs hereby represent and acknowledge to Defendant that (a) they have consulted with their attorneys from the Previant Law Firm, S.C., and/or Gill & Gill, S.C., before signing this Agreement; (b) they have had a reasonable amount of time to consider the terms of this Agreement and by signing are waiving additional time for review; (c) they have read this Agreement, understand its contents and agree to its terms and conditions freely and voluntarily; (d) they have made an independent investigation of the facts and do not rely on any statements or

representations by Defendant, their agents or representatives in entering into this Agreement; (e) the consideration provided under this Agreement is sufficient to support the release contained in it; (f) they have been compensated for all hours worked for Defendant through April 24, 2018, and are not entitled to any additional compensation from Defendant for such work; and (g) that, as of the date this Agreement is signed by each Plaintiff, the Plaintiffs have not filed any charges (other than claims for worker's compensation), claims, or complaints against Defendant involving any aspect of their employment other than as explicitly noted above and, that if they have filed such charge, claim, or complaint, they have disclosed it to Defendant and agree that the consideration agreed to above settles any such dispute (except for claims for worker's compensation). The Plaintiffs understand that Defendant regard their representations as material and that Defendant are relying on these representations in entering into this Agreement.

3. **DISMISSAL OF PENDING CLAIMS** – On or before June 15, 2018, Plaintiffs will file with the Court a Joint Stipulation for Approval of Settlement Agreement along with a brief in support thereof. Within five (5) days of the Court's approval of this Agreement, Plaintiffs will file a motion to dismiss the Lawsuit with prejudice and without costs to any party. By June 29, 2018, each individual Plaintiff will request dismissal with prejudice of any and all lawsuits that the individual Plaintiff may have filed and which currently are pending with any federal, state and/or municipal court or agency against Defendant. Nothing in this Agreement shall require Plaintiffs to dismiss any worker's compensation claims.

4. **EFFECTIVE DATE OF THE AGREEMENT** - This Agreement shall be effective as of the latter of the date it is signed by all Parties, including all Plaintiffs, and it is approved by the Court as to fairness (the "Effective Date").

5. **PLAINTIFFS' RELEASE OF CLAIMS** - Each individual Plaintiff and each individual Plaintiff's heirs, assigns, and agents release, waive, and discharge Defendant and the Released Parties as defined below from each and every waivable claim, action or right against Defendant arising under The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; Chapter 103 of the Wisconsin Statutes; Chapter 104 of Wisconsin Statutes; Chapter 109 of Wisconsin Statutes; Chapter DWD § 272 (Minimum Wages) of the Administrative Rules of the Wisconsin Department of Workforce Development; and Chapter DWD § 274 (Hours of Work and Overtime) of the Administrative Rules of the Wisconsin Department of Workforce Development; and further, each such individual waives any and all rights to appeal any decision issued by the Court in the Lawsuit.

   (a) Released Parties are defined as ThedaCare, Inc. and any of its past or present owners, parents, affiliates, subsidiaries, related companies, partnerships or joint ventures, and, with respect to each of the foregoing, their predecessors and successors, and with respect to each such entity, all of its and their past, present, and future subsidiaries, employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs), and any other person acting by, through, under or in concert with any of the persons or entities listed in this paragraph, and their successors.

QB\52417506.1 - 3 -

Case 2:15-cv-00506-WCG   Filed 06/15/18   Page 3 of 12   Document 151-1

(b) The Plaintiffs acknowledge that neither this Agreement, the signing of this Agreement, the furnishing of the consideration for the release in this Agreement, nor any action taken by Defendant in compliance with the terms of this Agreement constitutes or shall be construed as an admission of liability by Defendant or that Defendant has engaged in unlawful conduct, nor shall it in any way support a finding that the Plaintiffs, collectively or individually, are a "prevailing party" within the meaning of any statute.

(c) Defendant acknowledges and the Plaintiffs further understand that nothing in this Agreement prevents them from participating in an investigation or proceeding of a governmental agency, but that the Plaintiffs are waiving any and all rights to monetary, injunctive or other personal relief that may result from that process.

6. **REPRESENTATIONS AND STATEMENTS** - The Previant Law Firm, S.C., and Gill & Gill, S.C., each represent that, other than Plaintiffs, as of June 1, 2018 they have no current clients interested in bringing a claim against Defendant for failure to pay overtime and/or minimum wages and/or otherwise for failure to comply with the FLSA and/or Wisconsin Wage and Hour Law. The Previant Law Firm, S.C., and Gill & Gill, S.C. each agree to not publicly comment on or characterize the resolution of this matter other than to state the matter has been resolved. The Previant Law Firm, S.C., and Gill & Gill, S.C. each agree that they will not seek, or assist with, any appeal of any decision issued by the Court in the Lawsuit. ThedaCare, or its attorneys and agents, may at its discretion make public statements regarding the resolution of this matter that are factually consistent with the terms of resolution.

7. **SERVICE PAYMENT** - Defendant agrees to provide a service payment in the amount of $2,500.00 each to Juelaine Miller, Kathleen Albers, and Linda Auler. The service payments will be in addition to the other settlement payments allocated to these individuals pursuant to Paragraph 1(a) of this Agreement, and shall be reported on IRS Form 1099.

8. **SEVERABILITY OF PROVISIONS -** In the event that any provision in this Agreement is determined to be legally invalid or unenforceable by any court of competent jurisdiction, and cannot be modified to be enforceable, the affected provision shall be stricken from the Agreement, and the remaining terms of the Agreement and its enforceability shall remain unaffected, provided however that in the event the release and/or waiver are held to be unenforceable than the entire Agreement will be null and void.

9. **JOINT PRODUCT** - Defendant and the Plaintiffs each acknowledge that this Agreement is a joint product and shall not be construed against either party on the grounds of sole authorship.

10. **RATIFICATION** - The Plaintiffs hereby authorize and ratify all that their attorneys may have done or may do in the effectuation of this Agreement, consistent with the terms of this Agreement.

11. **BREACH** - Nothing in this Agreement shall limit or waive the Parties ability to pursue a cause of action arising out of a breach of this Agreement.

12. **ENTIRE AGREEMENT** - This Agreement sets forth the entire agreement and understanding between the parties hereto relating to the allegations in the Lawsuit. The parties have not relied on any oral statements that are not included in this Agreement. This Agreement supersedes all prior agreements and understandings concerning the subject matter of this Agreement, except for agreements containing limitations on the Plaintiffs' ability to compete or solicit or disclose or use Confidential Information previously signed by any Plaintiff. Any modifications to this Agreement must be in writing and signed by the Plaintiff and an authorized employee or agent of ThedaCare.

13. **APPLICABLE LAW** - This Agreement shall be governed by the laws of the State of Wisconsin.

14. **COUNTERPARTS -** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

15. **COPIES** – A facsimile or electronic copy of a signed version of this Agreement shall have the same force and effect as an original.

## SCHEDULE A

| Last Name | First Name | Final Settlement |
|---|---|---|
| Albers | Kathleen | $3,916.95 |
| Ambrosius | Lydia Ann | $604.68 |
| Auler | Linda | $3,011.92 |
| Bartman | Ruth Ann | $7,480.20 |
| Barton | Lillian | $2,623.15 |
| Block | Nina | $4,153.05 |
| Boettcher | Nicole K. | $2,342.82 |
| Brickner | Shanon Sara | $322.30 |
| Burmeister | Danielle Johna | $4,303.43 |
| Burmeister | Dan Lee | $4,563.16 |
| Casey | Shelly Ann | $1,285.93 |
| Donnerbauer | Melanie Joy | $390.26 |
| Dwyer | Kathryn Marie | $250.00 |
| Groehler | Kevin | $2,041.79 |
| Krause | Heather | $298.46 |
| Kuchelmeister | Terri Marie | $7,691.19 |
| Lang | Kinberly Lee | $1,244.28 |
| Messersmith | Kristine L. | $938.58 |
| Meyers | Mary Francis | $250.00 |
| Mielke | Jill | $4,979.16 |
| Miller | Juelaine | $6,127.99 |
| Mollen | Mary | $1,788.60 |
| Nokes | Kim Marie | $9,735.43 |
| Olson | Jeffrey D. | $2,505.10 |
| Pleshek | Marcia Ann | $250.00 |
| Rettke | Melissa | $250.00 |
| Rodriguez | Jeanna | $1,257.31 |
| Rosnow | Jenine | $4,032.39 |
| Rowland | Kimberly | $4,430.18 |
| Ruesch | Brad | $250.00 |
| Rumsey | William | $2,977.82 |
| Shillington | Natalie | $250.00 |
| St. Marie | Jolene Ann | $7,373.97 |
| Sternhagen | Laurie | $4,033.52 |
| VanStedum | Amber | $250.00 |
| Vetter | Rhonda | $6,533.69 |
| Waino | Joy | $4,466.75 |
| Wideman | Vicki Marie | $4,087.73 |
| Witterholt | JoAnne Mary | $7,009.88 |
| Wood | Autumn | $250.00 |

| | | |
|---|---|---|
| Zoll-Draeger | Sara | $250.00 |
| Zirbel | Susan Lee | $9,198.33 |

**SIGNATURE PAGE FOR DEFENDANT AND PLAINTIFFS' ATTORNEY**

| **THEDACARE, INC.**<br><br>By: _____<br><br>_____<br>Date | **PREVIANT LAW FIRM, S.C.,**<br><br>By: _____<br><br>_____<br>Date |
|---|---|
| | **GILL & GILL, S.C.,**<br><br>By: _____<br><br>_____<br>Date |

QB\52417506.1

**Individual Supplement to Agreement and
Signature Page for Plaintiff** _____

This Individual Supplement incorporates by reference the attached Settlement and Release Agreement ("Agreement") between Defendant (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to the Agreement, Plaintiff _____ and Defendant agree to the following additional terms and conditions.

**Supplement to Paragraph 1(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 1 of the Agreement, Defendant agrees to pay the gross settlement amount of $_____ to Plaintiff _____. This amount shall be allocated as follows:

(i) One check made payable to the Plaintiff in the gross amount of $_____, less employment and income tax withholding, which shall be reported to the Plaintiff on an IRS Form W-2 and shall be attributed to the Plaintiff's claims for back wages; and

(ii) One check made payable to the Plaintiff in the gross amount of $_____, without deduction, which sum shall be attributable to the Plaintiff's claims for penalty, liquidated, interest, compensatory and/or punitive damages and shall be reported to the Plaintiff on an IRS Form 1099-MISC; and

(iii) One check made payable to the Plaintiff in the gross amount of $2,500.00 without deduction, which sum shall be attributable to a service payment to the Plaintiff for initiating the Lawsuit and shall be reported to the Plaintiff on an IRS Form 1099-MISC; and

(iv) In addition to the gross settlement amount set forth above, Defendant is paying Plaintiff's attorneys' fees and costs, and therefore the gross amount of $_____, which is a pro rata allocation of the Plaintiff's share of attorneys' fees and costs, shall be reported to the Plaintiff on an IRS Form 1099-MISC.

*I acknowledge that I must accurately and completely report all hours worked during my employment with ThedaCare. If I am unable to receive a 30-minute duty-free lunch period on shifts scheduled to be six hours or longer during which I may leave the premises, I will make use of ThedaCare's "no lunch" protocol. I will immediately report any concerns I have regarding interference with or use of the "no lunch" protocol to ThedaCare's Human Resources Department or Compliance Officer.*

*I have read the Agreement and this Individual Supplement to the Agreement, I have consulted with an attorney and I understand my rights and obligations. I am signing this Agreement, including the Individual Supplement, after having had a sufficient period to consider it, and I am knowingly waiving additional time for review.*

QB\52417506.1

*I further acknowledge that I understand the above agreement includes the release of certain claims. I understand that I am waiving unknown claims and I am doing so intentionally.*

<mark>PLAINTIFF NAME</mark>


Signature: _____

Date: _____

QB\52417506.1 - 10 -

Case 2:15-cv-00506-WCG    Filed 06/15/18    Page 10 of 12    Document 151-1

## Individual Supplement to Agreement and
## Signature Page for Plaintiff _____

This Individual Supplement incorporates by reference the attached Settlement and Release Agreement ("Agreement") between Defendant (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to the Agreement, Plaintiff _____ and Defendant agree to the following additional terms and conditions.

**Supplement to Paragraph 1(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 1 of the Agreement, Defendant agrees to pay the gross settlement amount of $_____ to Plaintiff _____. This amount shall be allocated as follows:

(i) One check made payable to the Plaintiff in the gross amount of $_____, less employment and income tax withholding, which shall be reported to the Plaintiff on an IRS Form W-2 and shall be attributed to the Plaintiff's claims for back wages; and

(ii) One check made payable to the Plaintiff in the gross amount of $_____, without deduction, which sum shall be attributable to the Plaintiff's claims for penalty, liquidated, interest, compensatory and/or punitive damages and shall be reported to the Plaintiff on an IRS Form 1099-MISC; and

(iii) In addition to the gross settlement amount set forth above, Defendant is paying Plaintiff's attorneys' fees and costs, and therefore the gross amount of $_____, which is a pro rata allocation of the Plaintiff's share of attorneys' fees and costs, shall be reported to the Plaintiff on an IRS Form 1099-MISC.

*I acknowledge that I must accurately and completely report all hours worked during my employment with ThedaCare. If I am unable to receive a 30-minute duty-free lunch period on shifts scheduled to be six hours or longer during which I may leave the premises, I will make use of ThedaCare's "no lunch" protocol. I will immediately report any concerns I have regarding interference with or use of the "no lunch" protocol to ThedaCare's Human Resources Department or Compliance Officer.*

*I have read the Agreement and this Individual Supplement to the Agreement, I have consulted with an attorney and I understand my rights and obligations. I am signing this Agreement, including the Individual Supplement, after having had a sufficient period to consider it, and I am knowingly waiving additional time for review.*

*I further acknowledge that I understand the above agreement includes the release of certain claims. I understand that I am waiving unknown claims and I am doing so intentionally.*

QB\52417506.1

==PLAINTIFF NAME==

Signature: _____

Date: _____